## SPRINGGATE *v.* DANEMAN.

(Decided March 18, 1929.)

*Messrs. Closs & Closs,* for plaintiff in error.

*Mr. H. Henry Sundermann,* for defendant in error.

Ross, J. This case comes into this court on error from the court of common pleas of Hamilton county, Ohio. The case was tried to the court without a jury, upon an agreed statement of facts, which is as follows:

"Ben Predojew, a married man, on April 19, 1926, being then an employee of the defendant, Charles H. Springgate, bought on credit from the plaintiff merchandise at a price of one hundred and thirty-five ($135.00) dollars, paying five ($5.00) dollars, and executed an instrument whereby he assigned to the plaintiff 50 per cent. of the wages due or which might thereafter become due, until his indebtedness to the plaintiff was paid. Said instrument authorized and directed the defendant, Charles H. Springgate, upon such assigment or copy thereof being filed with him, to pay to the plaintiff or order 50 per cent. of the wages or salary due or to become due, according to said assignment, until the amount stated should be fully paid.

"A copy marked 'Exhibit A' is attached to the petition herein, and said assignment is as follows:

" '$130.00                    Date 4—19—1926.

" 'For the purpose of securing credit from the Spencer Jewelry Company, I, the undersigned, being of lawful age, represent that I am now in the employ of Chas. H. Springgate in the capacity of barber and that until the making of this assignment of wages there were no claims against or liens upon any money due me or to become due me and that I have not given any other assignment which is now outstanding against my wages or salary due me.

" 'For value received, I, the undersigned, hereby bargain, sell, transfer and assign to the said Spencer Jewelry Co., 50 per ct. of the wages now due me until my indebtedness to the said Spencer Jewelry Co. is well and truly paid in full, become due to me from C. H. Springgate or any other company, firm, corporation, person or persons, I may now or here-

after be employed by, the sum of $130.00 dollars.

" 'I hereby authorize and direct the said Chas. H. Springgate or any other firm, company, corporation, person or persons, I may hereafter be employed by, upon this assignment, or a copy of it, being filed with them to pay the said Spencer Jewelry Co., or order, 50 per ct. of the wages or salary due me or to become due me according to the above assignment until the above amount is paid in full and such payment shall operate and have the same effect as though they were paid direct to me.

" '[Signed] Ben Predojew.
" 'Witness:  C. G. Sundermann.'

"The plaintiff, Emanuel Daneman, on April 27, 1926, filed with the defendant, Charles H. Springgate, said assignment, but the defendant refused to withhold any part of the wages or earnings of Predojew or pay the same to the plaintiff.

"Predojew was in the employ of the defendant, Charles H. Springgate, on April 19, 1926, and continued in said employment until August 9, 1926; 50 per cent. of his wages or earnings from April 27, 1926, to July 25, 1926, amounted to more than one hundred and thirty ($130.00) dollars."

The court rendered judgment for the defendant in error, plaintiff below. From that judgment, error is prosecuted, the assignment of error being that the judgment is contrary to law, in that the assignment of wages was not signed by Predojew's wife, who was living with him at the time he made the assignment of wages, as is admitted in the pleadings, for which reason the assignment was void, as being violative of the following provisions of Section 6346-7, General Code:

"No assignment of any salary, wages or earnings, or any part thereof given to secure a loan shall be valid unless the same shall be in writing, signed in person by the person making the same; and if such person is married and living with husband or wife, signed also by the husband or wife of such person, as the case may be."

The statute in question appears in the chapter of the Code devoted to and designated "Chattel Loans and Assignments of Wages." The chapter provides for the regulation, licensing, and controlling of chattel loan companies, and contemplates the regulation of the business of such companies, loaning money, especially where the security is chattels or wages assigned.

Section 6346-1, General Code, is as follows:

"It shall be unlawful for any person, firm, partnership, association or corporation, to engage, or continue, in the business of making loans, on plain, endorsed, or guaranteed notes, or due-bills, or otherwise, or upon the mortgage or pledge of chattels or personal property of any kind, or of purchasing or making loans on salaries or wage earnings, or of furnishing guarantee or security in connection with any loan or purchase, as aforesaid, at a charge or rate of interest in excess of eight percentum per annum, including all charges, without first having obtained a license so to do from the commissioner of securities and otherwise complying with the provisions of this chapter."

The only thing in the record indicating the business of the defendant in error is the name of the defendant in error, used in the assignment quoted, to wit, the "Spencer Jewelry Company." There is

nothing to indicate that such company is engaged in the "business of making loans" on chattels ór assignments of wages. However, even if Section 6346-7 can be divorced from its environment in the Code, and applied as a separate and distinct statute to the facts in this case, there is nothing in the record to indicate that the transaction involved is a "loan."

Corpus Juris, Volume 36, page 126, defines a loan of money to be:

"A contract by which one delivers a sum of money to another and the latter agrees to return at a future time a sum equivalent to that which he borrows; the delivery by one party and the receipt by the other party of a given sum of money, upon an agreement, express or implied, to repay the sum loaned, with or without interest. If such is the intent of the parties, the transaction will be considered a loan without regard to its form."

If this transaction is a loan in any sense, it must be a loan of money, for title passed to the merchandise, and the only possible construction favorable to the plaintiff in error is that the unpaid balance due on the merchandise was a "loan" to the purchaser Predojew.

To construe the extension of credit by the vendor in this case as a "loan" of money would be a far-fetched and strained construction of the word as used in the statute, and a construction not warranted by anything contained in the statute or the facts in this case. The purchaser received merchandise; he received no money. There was an obligation to pay for the merchandise and to secure the payment of the obligation; the purchaser as-

signed his wages. There was no "loan" involved, and Section 6346-7, General Code, is not applicable.

There being no error in the record, prejudicial to the plaintiff in error, the judgment is affirmed.

*Judgment affirmed.*

CUSHING, P. J., and HAMILTON, J., concur.