This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants/cross-appellees, Interim Settlement Funding Corporation ("ISF") and Future Settlement Funding Corporation ("FSF"), appeal the decision of the Summit County Court of Commons Pleas ordering appellee/cross-appellant, Roberta Rancman ("Rancman"), to repay the principal plus 8% interest on two contracts that Rancman entered into with FSF and ISF. We reverse in part and affirm in part.
 I.
Rancman was injured in a severe automobile accident involving a drunk driver who was uninsured. While litigation was pending regarding the accident, Rancman entered into contracts with FSF and ISF. FSF is a Nevada based corporation and ISF is an Ohio based corporation. Both corporations are providers of funds of last resort. Richard Ashcroft ("Ashcroft") is the president of ISF and an investor with FSF.
On April 27, 1999, Rancman executed a contract ("First Contract") with FSF to receive $6,000. Ashcroft acted as FSF's agent on the First Contract. A similar contract ("Second Contract") was executed between Rancman and Ashcroft's company, ISF, for $1,000 on September 17, 1999. The collateral for both contracts was the possible settlement Rancman would receive from her pending litigation regarding the accident. The lowest possible interest rate on the First Contract was 280%, while the interest rate on the Second Contract was 180%.
Rancman received $100,000 on her personal injury claim.[1] On December 20, 1999, Rancman filed a complaint against FSF and ISF seeking declaratory judgment that FSF and ISF committed unfair, deceptive or unconscionable sales practices pursuant to R.C. 1345.09(D). She amended her complaint to include a second claim seeking a declaratory judgment that the contracts with FSF and ISF were loans requiring payment of usurious interest and that the loans violated the Small Loan Act.
FSF and ISF moved for summary judgment on Rancman's two claims. The trial court granted summary judgment to FSF and ISF on Rancman's consumer sales practice claim finding that the money advances were neither goods nor services and therefore were exempt from R.C. 1345.09. The court denied summary judgment on Rancman's second claim that the loans required usurious interest and that the loans violated the Small Loan Act.
On October 10 and 11, 2000, the matter proceeded to trial before a magistrate. The magistrate's decision stated that the transactions with FSF and ISF were loans that violated the usury interest law and the Small Loan Act. Based on these violations, the magistrate proposed that FSF and ISF entered into illegal contracts and were not entitled to any recovery. The magistrate's decision also stated that should a reviewing entity choose to require repayment the correct amount would be the principal plus 8% annual interest. FSF and ISF objected to the magistrate's decision.
On March 16, 2001, the trial court found that the transactions with FSF and ISF were loans requiring the repayment of the principal plus 8% annual interest. This appeal and cross-appeal followed. The assignments of error will be considered out of order for ease of discussion.
 II.
FSF and ISF's Second Assignment of Error:
 THE TRIAL COURT ERRED IN FINDING THAT THE TRANSACTIONS AT ISSUE ARE "LOANS" BECAUSE THERE WAS NO EVIDENCE IN SUPPORT OF THIS JUDGMENT.
In their second assignment of error, FSF and ISF argue that the transactions were not loans. They assert that the transactions were contingent cash advances. We disagree.
As a preliminary matter, this court notes that the underlying claim sought declaratory judgment. In the present case, the declaratory judgment claim was tried to the court. The appropriate standard of review is whether the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case." C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. We begin with the presumption that the trial court's findings of fact are correct. Long v. Hurles (1996), 113 Ohio App.3d 228, 233. If the evidence is susceptible of more than one construction, the reviewing court is bound to give it the interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment. This is because evaluating evidence and assessing credibility are primarily for the trier of fact. Hoitt v. Sieffer (1995), 105 Ohio App.3d 104,107.
A loan of money is:
 [a] contract by which one delivers a sum of money to another and the latter agrees to return at a future time a sum equivalent to that which he borrows; the delivery by one party and the receipt by the other party of a given sum of money, upon an agreement, express or implied, to repay the sum loaned, with or without interest. If such is the intent of the parties, the transaction will be considered a loan without regard to its form.
Springgate v. Daneman (1929), 32 Ohio App. 279, 283. The payment of a sum is considered "repayable absolutely" if non-payment of the amount is "so improbable as to convince the court or jury that there was no real hazard." See 61 Ohio Jurisprudence 3d (1958), Interest and Usury, Section 58.
The First Contract defined Rancman's obligation as:
 ALL OF THE PRINCIPAL AND OTHER AMOUNTS PAYABLE UNDER THAT CERTAIN CAPITAL ADVANCE AGREEMENT DATED: 04/27/99, PAYABLE BY [Rancman] TO [FSF] IN THE AMOUNT OF: $16,800.00, PAID IN TWELVE (12) MONTHS, OR: $22,200.00 PRIOR TO EIGHTEEN (18) MONTHS, OR: $27,600.00 PRIOR TO TWENTY-FOUR (24) MONTHS. THE PARTIES BELIEVE THAT THE CASE WILL BE SETTLED IN TWELVE (12) MONTHS.
Repayment of the First Contract was to occur at the time Rancman's lawsuit settled or at the time the trial court rendered judgment. Under the Second Contract, Rancman agreed to pay ISF "THE FIRST $2,800.00 PAID TO [Rancman] FROM THE PROCEEDS" of her litigation.
At trial, Rancman presented evidence from Ashcroft as if on cross-examination. Ashcroft testified that he received training on how to evaluate the risks of a personal injury case. Ashcroft listed numerous factors he uses to determine if the case presents a low risk of recovering any amounts. This was the third case he had evaluated for potential funding and he did not consider himself an expert. Ashcroft determined that many of the low risk factors were present in Rancman's case including that: 1) her attorney was skilled in this type of litigation, 2) Ashcroft had full access to the case file, 3) Rancman was not liable for the accident, 4) the vehicle received a serious impact in the accident, and 5) Rancman sustained "bright blood" injuries.
Ashcroft testified that another method of determining the risk involved with a personal injury case was based on the amount of medical bills. He stated that the value of a personal injury case could be estimated between two and a half to six times the "hard meds." "Hard meds" are a reduction of the actual medical bills calculated by excluding physical therapy and chiropractor bills. Accordingly to Ashcroft, Rancman had "hard meds" in the amount of $22,000. Ashcroft also researched a jury verdict database to determine the value of comparable injuries to Rancman's case.
Rancman testified that the insurance company's first settlement offer for $35,000 was made in April or May of 1999. Prior to September of 1999, the insurance company increased its settlement offer by $5,000. Rancman stated that she was aware of the terms of both contracts. Furthermore, her attorney advised her against entering into the contracts.
The evidence presented at trial demonstrated that the contracts were loans because no real probability existed that non-payment would occur. We find that the trial court's judgment that the contracts are loans is supported by competent and credible evidence. Accordingly, ISF and FSF's second assignment of error is overruled.
 III.
FSF and ISF's Third Assignment of Error:
 THE TRANSACTIONS AT ISSUE ARE NOT LOANS, THEREFORE, THE TRIAL COURT ERRED IN FINDING THAT THE COMPANIES ARE SUBJECT TO THE SMALL LOAN ACT, AND MOREOVER, THE TRIAL COURT ERRED IN NOT EVEN ADDRESSING RELEVANT PORTIONS OF THE SMALL LOAN ACT.
Rancman's Assignment of Error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT FUTURE SETTLEMENT FUNDING CORPORATION JUDGMENT FOR $3,000 PLUS 8% INTEREST AND DEFENDANT INTERIM SETTLEMENT FUNDING CORPORATION $3,000 PLUS 8% INTEREST [AND] $1,000, PLUS 8% INTEREST WHERE THE DEFENDANTS WERE FOUND TO BE IN VIOLATION OF [R.C. 1321.02.]
Rancman's assignment of error and ISF and FSF's third assignment of error are related and will be discussed together. Rancman, ISF and FSF all raise arguments regarding the application of the Small Loan Act to the contracts at issue in this case.
R.C. 1321.02 provides:
 [n]o person shall engage in the business of lending money, credit, or choses in action in amounts of five thousand dollars or less, or exact, contract for, or receive, directly or indirectly, on or in connection with any such loan, any interest and charges that in the aggregate are greater than the interest and charges that the lender would be permitted to charge for a loan of money if the lender were not a licensee, without first having obtained a license from the division of financial institutions under sections 1321.01 to 1321.19 of the Revised Code. * * *
Pursuant to R.C. 1321.02, both contracts are subject to the license requirement of the Small Loan Act.[2] The uncontroverted evidence established that Ashcroft did not have a license as required under R.C.1321.02. "Any contract of loan in the making or collection of which an act is done by the lender that violates this section is void and the lender has no right to collect, receive, or retain any principal, interest or charges." R.C. 1321.02. Ashcroft violated R.C. 1321.02 by contracting for small loans on behalf of ISF and FSF without a license.
Furthermore, the underlying claim in this case was for declaratory judgment. A declaratory judgment action allows a court to declare the rights, status, and other legal relationships of the parties. Civ.R. 57; R.C. 2721 et seq. R.C. 2721.04 provides that "[a] contract may be construed by a declaratory judgment or degree either before or after there has been a breach thereof." R.C. 2721.04. In the present case, neither party moved the trial court for relief beyond the declaration of the parties' legal relationship. Accordingly, the judgment ordering Rancman to repay the loans was not proper relief.
We find that both loans were executed in violation of R.C. 1321.02; therefore, the contracts are void. ISF and FSF have "no right to collect, receive, or retain any principal, interest or charges." R.C.1321.02. The judgment of the trial court ordering Rancman to repay the principal plus 8% interest is reversed. Rancman's assignment of error is sustained. ISF and FSF's third assignment of error is overruled.
 IV.
FSF and ISF's First Assignment of Error:
 THE TRIAL COURT ERRED IN DETERMINING THAT THE TRANSACTIONS AT ISSUE VIOLATE OHIO'S USURY LAW, CHAPTER 1343 OF THE OHIO REVISED CODE, WITHOUT ADDRESSING THE EXCEPTION TO THE USURY LAW RAISED BY DEFENDANTS.
FSF and ISF's Fourth Assignment of Error:
 THE TRIAL COURT ERRED IN FINDING THAT THE TRANSACTIONS VIOLATE OHIO'S USURY LAW BECAUSE THE TRANSACTIONS ARE NOT LOANS AND THEREFORE, ARE NOT, BY DEFINITION, SUBJECT TO OHIO'S USURY LAW.
In their fourth assignment of error, FSF and ISF argue that the transactions are not loans and therefore not subject to the usury law. In their first assignment of error, FSF and ISF assert that the trial court erred in its application of the usury law. We find that the disposition of the previous assignments of error renders these assignments of error moot.
 V.
FSF and ISF's second and third assignments of error are overruled. Rancman's sole assignment of error is sustained. FSF and ISF's first and fourth assignments of error are rendered moot by our disposition of the other assignments of error. The judgment of the trial court ordering Rancman to repay the principal plus 8% interest on both contracts is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
BATCHELDER, P.J., WHITMORE, J. CONCUR.
[1] The record reflects that Rancman made a claim under the uninsured motorist section of her husband's insurance policy with State Farm Insurance. At the time of the claim, Rancman had been separated from her husband. Initially, there was a question regarding coverage of the insurance police because of the couple's separation. State Farm Insurance settled the claim with Rancman for $95,000 plus $5,000 for medical bills.
[2] The First Contract between FSF and Rancman for $6,000 was the result of a split funding structure between FSF and ISF. ISF and FSF each supplied $3,000. The Second Contract was for an amount of $1,000.