DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Adams County Court of Common Pleas. Plaintiff-Appellant, Caleb D. Sulfridge, argues that several decisions made by the trial court during the course of a three-day jury trial were in error. Specifically, appellant argues that the trial court erred by: 1) allowing an alternate juror to retire with the jury while that jury deliberated and voted on the verdict; 2) not permitting appellant to present evidence or testimony concerning punitive damages; and, 3) admitting into evidence certain records and exhibits offered by Defendant-Appellee, Larry M. Piatt.
We find appellant's assignments of error to be without merit and overrule them in toto. Accordingly, we affirm the judgment of the trial court.
 STATEMENT OF THE CASE AND FACTS
At approximately 10:00 p.m., on January 5, 1996, Plaintiff-Appellant Caleb D. Sulfridge was involved in a collision between his motor vehicle and the motor vehicle of Defendant-Appellee Larry M. Piatt. At the time of the accident, appellant was slowing to make a left turn into his driveway when his vehicle was struck from the rear by the vehicle driven by appellee. At this time, the road was covered with patches of snow and ice.
Both vehicles suffered substantial damage. Shortly after the accident scene was cleared, appellant went to the Adams County Hospital Emergency Room to receive treatment for discomfort in his back, neck, and shoulders. Appellant rested at home for several days following his visit to the emergency room but did not seek any further medical treatment.
On March 21, 1996, appellant fell on some ice at work and fractured his right foot. While receiving treatment for his broken foot, appellant inquired about treatment for the pain and discomfort he was experiencing in his back. Appellant's orthopedic physician referred him to a rehabilitation specialist. Aside from his visit to the emergency room immediately after the automobile collision, appellant received no medical treatment for his injuries suffered in the accident with appellee until April 12, 1996. Appellant then began receiving regular treatment for his back and neck pain in May 1996.
On December 31, 1997, appellant filed a complaint in the Adams County Court of Common Pleas seeking damages in excess of $25,000 from appellee and his wife, Judy G. Piatt. The complaint alleged that the sole and proximate cause of the collision was the negligence and intoxication of appellee, and that appellant's injuries resulted from that collision. On January 9, 1998, appellant filed an amended complaint, adding Progressive Preferred Insurance Company, appellant's own underinsured motorist insurance carrier, as a defendant.
Answers were filed by appellees and the insurance company on January 22, 1998, and May 14, 1998, respectively. Appellees filed an amended answer on June 19, 1998. On September 25, 1998, the administrator of the Ohio Bureau of Workers' Compensation was joined and made a party to this action pursuant to Civ.R. 19(A). The Ohio Bureau of Workers' Compensation, as a new party plaintiff, filed a complaint setting forth a subrogation claim on October 13, 1998, and the appropriate parties subsequently filed responses to that complaint.
On September 23, 1999, appellant and appellee entered into certain stipulations, such that appellee admitted that his negligence caused the motor vehicle accident in which appellant was injured, and appellant capped his damages recoverable from appellee to the limit of appellee's insurance policy. That stipulation agreement states in pertinent part:
 3. In consideration of the Stipulations made by Plaintiff by and through Plaintiff's attorney as contained herein, MICO Insurance Company agrees to stipulate to the admission of the issue of negligence of the Defendant, Larry Piatt, as to the motor vehicle accident that occurred on January 5, 1996, as mentioned in the Amended Complaint of Plaintiff, and the undersigned attorney of record for the Defendant, Larry Piatt, does therefore, hereby admit that the Defendant, Larry Piatt, was negligent in the operation of his motor vehicle and that this negligence was the sole proximate cause of the collision that occurred between his motor vehicle and the motor vehicle operated by the Plaintiff, Caleb Sulfridge, at the time of the collision of January 5, 1996, thereby leaving only the issues of the nature and extent of Plaintiff's injuries and the amount of Plaintiff's damages, if any, to be determined by the jury.
 4. Plaintiff, Caleb Sulfridge, by and through his undersigned attorney of record, for and in consideration of the foregoing Stipulation and admission of negligence of the Defendant, Larry Piatt, does hereby irrevocably agree for himself, his heirs, executors, administrators, and assigns, that the total amount of any judgment entered against the Defendant, Larry Piatt, as to all claims in this action arising out of bodily injuries to Plaintiff, Caleb Sulfridge, shall not exceed the sum of Twenty-Five Thousand Dollars ($25,000.00) plus whatever interest thereon and Court costs, if any, that might be awarded; so that in the event the jury or trier of facts returns an award of damages in favor of Plaintiff with respect to the bodily injury claim of Plaintiff, Caleb Sulfridge, that is less than the total sum of Twenty-Five Thousand Dollars ($25,000.00), judgment shall be entered in favor of Plaintiff and against Defendant, Larry Piatt, for that lesser amount plus whatever interest thereon and Court costs, if any, awarded by the Court, but if the total award of damages returned by the jury or trier of facts equals or exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00), judgment shall be entered in favor of Caleb Sulfridge and against the Defendant, Larry Piatt, for the sum of only Twenty-Five Thousand Dollars ($25,000.00) plus whatever interest thereon and Court costs, if any, awarded by the Court.
 5. In the event the case is submitted to a jury for determination of the amount of Plaintiff's damages, the jury shall be informed that the Defendant, Larry Piatt, has admitted that he was negligent in the operation of his motor vehicle and that this negligence was the sole proximate cause of the motor vehicle accident of January 5, 1996, and the jury will be instructed on the issues of causation and damages in accordance with law.
 6. The jury is not to be informed of the agreement contained herein with respect to the limitation of the total amount of the judgment that may be entered in this action in favor of Plaintiff, Caleb Sulfridge, against the Defendant, Larry Piatt, nor shall the jury be informed of the involvement of the MICO Insurance Company in this action with respect to these Stipulations and Admissions or otherwise.
 7. Plaintiff, Caleb Sulfridge, expressly reserves his rights to pursue his underinsured motorist claim against Defendant, Progressive Preferred Insurance Company, in the event the total award of damages returned by the jury or trier of facts exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00), and nothing stated herein shall be construed to prejudice the rights of Plaintiff, Caleb Sulfridge, to so pursue his underinsured motorist claim.
A jury trial of this case commenced on July 5, 2000. On July 7, 2000, the jury returned a verdict in favor of appellant in the amount of $634.65. The jury's response to interrogatories stated that the amount awarded was for medical benefits and expenses, and nothing was awarded for lost wages, pain and suffering, or other damages.
Appellant timely filed his notice of appeal on August 4, 2000.
Appellant presents for our review the following three assignments of error.
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN ORDERING THE ALTERNATE JUROR TO ACCOMPANY THE JURY INTO THE JURY ROOM AND TO REMAIN DURING DELIBERATIONS AND VOTING.
SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN DENYING PLAINTIFF THE RIGHT TO PRESENT EVIDENCE AND TESTIMONY CONCERNING PUNITIVE DAMAGES.
THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY PERMITTING THE DEFENDANT TO INTRODUCE RECORDS THAT WERE NOT SUPPLIED IN DISCOVERY AND NOT DISCLOSED TO APPELLANT'S COUNSEL UNTIL THEY WERE USED IN EVIDENCE; FURTHER, THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE THREE DEFENSE EXHIBITS THAT WERE PREJUDICIAL AND CAUSED THE APPELLANT TO BE DENIED A FAIR TRIAL.
 I.
In his First Assignment of Error, appellant argues that the trial court effectively denied him his right to a jury trial by allowing an alternate juror to be present in the jury room during the jury's deliberations and voting.
Prior to having the jury retire to the jury room for its deliberations, the court said,
 We've had the pleasure of having an alternate juror with us. I'm going to have you to [sic] also retire to the jury room with the jury. You are not to take part in any deliberations or any voting. You're only there in case some catastrophe might happen and one of the jurors would have to withdraw, then you would know what had been discussed and you would be in a position to pick up where that juror had to leave. So I'm going to ask you to stay with us, and you may wanta [sic] hear what happens in the jury room anyway. You've sat through three days so it might be that you'll get a chance to listen to what happens in the jury room if you've never had that experience before. I've never had it before, I'd like to do it some day. But again, we'll have you to [sic] go to the jury room with the jury and be there. You can't say anything, don't give any advice, just sit back and listen and enjoy it.
After further exhorting the jury as to its duties, the court asked counsel for both parties whether there was anything further. Nothing was raised regarding the court's decision to allow the alternate juror into the jury room during the deliberations.
Following the jury's return, the verdict was read and the trial court inquired of counsel whether there was anything further. Counsel for appellant requested that the jury be polled, which the court did.
Subsequent to the polling of the jury, counsel was again asked by the court if there was anything else that needed to be addressed, to which all trial counsel answered in the negative.
The judgment of the trial court will remain undisturbed unless appellant can show he was prejudiced by the presence of the alternate juror in the jury room during deliberations. See Lefort v. Century 21 — Maitland Realty Co. (1987), 32 Ohio St.3d 121, 512 N.E.2d 640, citing Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41,322 N.E.2d 629. In issuing its holding in Lefort, the Supreme Court of Ohio relied on the holding of the United States Second Circuit Court of
Appeals in United States v. Hilliard (C.A. 2, 1983), 701 F.2d 1052, certiorari denied (1983), 461 U.S. 958. In Hilliard, the Second Circuit declined to presume prejudice in a situation similar to the one presently before us. See id. at 1058; see, also, Matulin v. Academy of Court Reporting (Apr. 8, 1992), Summit App. No. 14947, unreported; Lewis v. Sea World, Inc. (Mar. 26, 1993), Portage App. No. 91-P-2310, unreported.
In his argument that the jury's verdict was tainted and should be reversed, appellant relies heavily on the Supreme Court of Ohio's decision in Koch v. Rist (2000), 89 Ohio St.3d 250, 730 N.E.2d 963.
Appellant also argues that the court's actions violated Civ.R. 38(B) in that the jury was comprised of more than eight members.[1] We find appellant's reliance on these authorities to be misplaced and his arguments to be without merit.
In Koch, the Supreme Court of Ohio addressed the many complexities, dangers, and difficulties that an alternate juror's presence during jury deliberations creates. Specifically, the Koch court noted that there is much difficulty in determining whether a party was prejudiced by the alternate juror's involvement during deliberations. See Koch v. Rist,89 Ohio St.3d at 251-252, 730 N.E.2d at 964-965. However, in Koch, the court was determining whether a trial court, faced with this situation, abused its discretion by ordering a new trial. See Koch, supra. Koch held that it was not an abuse of discretion to do so.
Koch is considerably different from the case sub judice, in that Koch was specifically addressing whether the trial court abused its discretion in its attempt to remedy the misconduct of a juror by ordering a new trial. In the case presently before this court, an alternate juror was instructed by the trial court to attend, but not participate in, the jury's deliberations and voting. Thus, we are presented with the question of whether the failure to object to a court's erroneous instruction waives that issue for purposes of review.
Civ.R. 47 provides that in regard to alternate jurors, "An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict." In the case sub judice, however, this was not done, and the alternate juror was permitted to retire to the jury room to observe the deliberative process.
Neither party objected to the inclusion of the alternate juror at the time the court voiced its instruction, nor did either party express concern when given opportunity to do so, subsequent to the jury's return with a verdict. Appellant's failure to object waived this issue for purposes of appeal. "An appellate court will not consider any error which a party complaining of a trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." Lefort v. Century 21 — Maitland Realty Co., 32 Ohio St.3d at 123, 512 N.E.2d at 643, citing Stores Realty Co. v. Cleveland, 41 Ohio St.2d at 41,322 N.E.2d at 629.
Appellant argues that although this issue has been waived, this reviewing court should apply the "plain error" exception to the waiver rule. However, the "plain error" exception should only be applied in the rarest of cases. See Goldfuss v. Davidson (1997), 79 Ohio St.3d 116,679 N.E.2d 1099. The Supreme Court of Ohio in Goldfuss held:
 In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.
Id. at syllabus (citations omitted). We cannot conclude that the trial court's error in the present case rises to the level expressed in Goldfuss. Thus, we decline to apply the "plain error" exception in order to address this issue.
Obviously, the clearest way to avoid error, and insure that neither party is prejudiced in this situation, is to refrain from allowing an alternate juror to be present during the deliberations and to strictly comply with Civ.R. 47(C). However, based on the facts presently before us, we conclude and find that any error in this regard has been waived and that the plain error exception to that waiver is inappropriate.
Therefore, appellant's First Assignment of Error is OVERRULED.
 II.
In his Second Assignment of Error, appellant argues that the trial court erred when it prevented him from presenting evidence of appellee's alleged intoxication at the time of the accident.
Appellant further argues that this decision by the trial court effectively precluded the jury from awarding punitive damages. Punitive damages are available upon a finding of actual malice. See Calmes v. Goodyear Tire Rubber Co. (1991), 61 Ohio St.3d 470, 575 N.E.2d 416. "Actual malice," for these purposes, is "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." (Emphasis sic.) Preston v. Murty (1987), 32 Ohio St.3d 334,512 N.E.2d 1174, syllabus.
Punitive damages need not be specially pleaded or claimed if the facts alleged and proved are such that an award of punitive damages is warranted. See Stepp v. Rogers (Dec. 9, 1985), Scioto App. No. 979, unreported; Lambert v. Shearer (1992), 84 Ohio App.3d 266, 273,616 N.E.2d 965, 969; see, also, Brookridge Party Ctr., Inc. v. Fisher Foods, Inc. (1983), 12 Ohio App.3d 130, 468 N.E.2d 63. Furthermore, actual malice need not be averred. See Stepp, supra. "If a jury's award of punitive damages does not exceed the amount of a plaintiff's general demand under Civ.R. 54(C), then such damages are recoverable so long as the evidence presented, in accordance with plaintiff's claims, warrants their allowance." Brookridge Party Ctr., Inc. v. Fisher Foods, Inc.,12 Ohio App.3d at 131, 468 N.E.2d at 65. See, also, Steinbeck v. Philip Stenger Sons (1975), 46 Ohio App.2d 22, 345 N.E.2d 633; Mers v. Dispatch Printing Co. (1988), 39 Ohio App.3d 99, 529 N.E.2d 958; Cincinnati Art Galleries v. Fatzie (1990), 70 Ohio App.3d 696, 591 N.E.2d 1336.
Appellant contends that had he been permitted to present evidence of appellee's alleged intoxication, which he did aver in both his original and amended complaints, the jury could have inferred "actual malice" from appellee's decision to drive while intoxicated. See Cabe v. Lunich (1994), 70 Ohio St.3d 598, 640 N.E.2d 159 (stating that "drinking and driving may well, under the circumstances of each individual case, constitute the kind of reckless, outrageous behavior" that would justify a jury's award of punitive damages); see, also, Hoitt v. Sieffer (1995),105 Ohio App.3d 104, 663 N.E.2d 717.
However, before trial, appellant and appellee entered into a stipulation wherein appellee admitted his negligence in causing the collision and appellant limited the amount of damages recoverable from appellee. "For purpose of review, the court will review a stipulation agreement in the same light as it would a settlement agreement." Raniolo v. Edward J. DeBartolo Corp. (Nov. 3, 2000), Mahoning App. No. 99 C.A. 40, unreported; see Spercel v. Sterling Industries Inc. (1972),31 Ohio St.2d 36, 285 N.E.2d 324 (A settlement agreement or a stipulation voluntarily entered into cannot be repudiated by either party.); see, also, Morform Tool Corp. v. Keco Industries Inc. (1971),30 Ohio App.2d 207, 284 N.E.2d 191.
A settlement agreement or a stipulation is evaluated the same as a contract. See Raniolo, supra; Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson Inc. (1996), 74 Ohio St.3d 501, 502,660 N.E.2d 431. If a stipulation's language is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. See Continental W. Condominium Unit Owners Assn.; Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio (1984),15 Ohio St.3d 321, 322, 474 N.E.2d 271.
Appellant and appellee reached an agreement that was drafted by appellee's counsel. The agreement provided, in pertinent part, that "negligence was the sole proximate cause of the collision that occurred * * * thereby leaving only the issue of the nature and extent of Plaintiff's injuries and the amount of Plaintiff's damages, if any, to be determined by the jury." (Emphasis added.)
On its face, it is clear that the stipulation entered into by appellant and appellee limits the issues to be presented to the jury to the nature and extent of appellant's injuries and his damages. The stipulation states that any damages resulting from the accident were caused by appellee's negligence. Negligence is not sufficient to permit an award of punitive damages. "Something more than mere negligence is always required before an award of punitive damages may be made." See Cabe, supra. Thus, we agree with appellee that the stipulation does not permit appellant to raise the issue of punitive damages to the jury.
Moreover, we note that appellant never proffered the excluded evidence as required by Evid.R. 103(A)(2). Without a proffer, this reviewing court has no way of deciding if the excluded evidence prejudiced the appellant.
Accordingly, appellant's Second Assignment of Error is hereby OVERRULED.
 III.
In his final assignment of error, appellant argues that several of the trial court's rulings regarding the admission of evidence proffered by appellee were erroneous.
In any given case, a trial court is endowed with broad discretion in determining the admissibility of evidence, so long as such discretion is exercised in accordance with the rules of procedure and evidence. See Rigby v. Lake County (1991), 58 Ohio St.3d 269, 569 N.E.2d 1056; see, also, State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus (holding that "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court."). Since the trial court is endowed with such broad discretion in ruling on evidence admissibility, a reviewing court will not disturb its decision absent a showing that the trial court abused its discretion. See State v. Finnerty (1989), 45 Ohio St.3d 104, 543 N.E.2d 1233. The Supreme Court of Ohio has noted on numerous occasions that the term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court acted unreasonably, arbitrarily, or unconscionably. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140,1142.
Appellant argues that the trial court erred by allowing appellee to introduce records at trial concerning an attempt by appellant, prior to the accident, to receive workers' compensation benefits. Appellant further argues that the trial court erred by admitting into evidence two of appellee's exhibits from those records.
The first of these exhibits is a document created and signed by appellant and dated December 16, 1994. The document is appellant's statement to the Ohio Bureau of Employment Services, explaining his reasons for separation from employment. Among the reasons given were that he suffered from arthritic hands and joints and that he could no longer perform physical labor such as lifting and sorting heavy packages.
The second challenged exhibit is a document entitled "Request for Medical Information." This document is divided into two parts. The first part of the document is signed by appellant and dated December 27, 1994. The second part of the document appears to have been prepared by Dr. William Krall, who was appellant's physician at the time and who also testified at the trial. Dr. Krall states in this document that appellant suffers from osteoarthritis and should not perform work involving "lifting or using hands, arms, legs or significant physical exertion." Dr. Krall's signature appears at the end of this document, dated January 18, 1995.
Appellant asserts in his brief to this Court, as he did at trial, that he was unfairly surprised by the introduction of these documents at trial, because they were not properly disclosed during discovery.
Appellant had requested the production of all documents and exhibits to be introduced at trial. Appellee contends, however, that he did not obtain the documents until the day prior to their being introduced at trial and was, therefore, under no obligation to provide the documents to appellant prior to that time.
Civ.R. 26(E) provides specific instances when a party is required to supplement its discovery responses, none of which are directly applicable to the situation at bar.[2] Therefore, we agree with appellee that he was under no obligation to supplement his discovery responses with these two documents and did not violate discovery rules by not doing so.
Appellant argues next that the use of these documents at trial, and their admission into evidence as exhibits, constituted an unfair surprise and, that by his being unable to prepare to address those documents and their content at trial, he was prejudiced. However, both these documents were available at the clerk's office for either party to obtain. Further, appellant himself was involved in the creation of these documents, thereby rendering his objections to their admission into evidence, based on a claim of surprise, hollow at best.
Appellant's next argument appears to be that the court's rulings permitting the introduction of the documents at trial and to admit them into evidence were erroneous since their probative value was outweighed by the potential prejudice to appellant. Appellant argues that, per Evid.R. 403(A), these documents should have been excluded from evidence by the trial court.
These documents concerned the nature of appellant's physical condition some twelve months prior to the automobile accident and the resulting injury at issue in the present matter. If it were proven that the resulting neck and back problems were caused by a pre-existing condition rather than the vehicular accident, then the resulting expenses of treatment were not proximately caused by appellee's negligence. As such, these documents were relevant to the issue of proximate cause of appellant's injury. "[T]he exclusion of reliable and probative evidence is a severe sanction and should be invoked only when it is clearly necessary to enforce willful noncompliance or to prevent unfair surprise." Brokamp v. Mercy Hosp. (1999), 132 Ohio App.3d 850, 859, 726 N.E.2d 594, 601, quoting Nickey v. Brown (1982), 7 Ohio App.3d 32, 34, 454 N.E.2d 177,180.
When considering evidence under Evid.R. 403, the trial court is vested with broad discretion and an appellate court should not interfere absent a clear abuse of that discretion. See State v. Allen (1995),73 Ohio St.3d 626, 653 N.E.2d 675, reconsideration denied74 Ohio St.3d 1422, 655 N.E.2d 742, certiorari denied 116 S.Ct. 1276,516 U.S. 1178. See, also, State v. Morales (1987), 32 Ohio St.3d 252,257-258, 513 N.E.2d 267, 273-274.
Upon review of the record, we find that the trial court did not abuse its discretion by allowing appellee to introduce these two documents and admit them into evidence as exhibits. See Williams v. Republic Storage Sys. Co. (Feb. 3, 1997), Stark App. No. 1996 CA 00144, unreported.
Appellant's final argument is that the trial court erred by allowing the report of Dr. Wunder to be admitted into evidence as an exhibit after the presentation of his testimony. Appellant argues that the report was duplicative of the doctor's testimony and as such, gave his testimony undue weight. Appellant concludes, therefore, that the report should have been excluded under Evid.R. 403. We disagree.
As we have already noted, the trial court is vested with broad discretion in determining what evidence is to be admitted or excluded.
See Allen, supra. In Szalay v. Dupper (Mar. 13, 1987), Lake App. No. 11-175, unreported, the Eleventh District Court of Appeals noted that a trial court did not abuse its discretion by excluding evidence the court deemed to be cumulative. In Williams, supra, the Fifth District Court of Appeals also held that the trial court did not abuse its discretion by excluding evidence it deemed cumulative. However, the court in Williams also noted that since the trial court did not abuse its discretion by excluding the challenged evidence, it, likewise, would not have abused its discretion by admitting that same evidence.
See Williams, supra, fn. 1. Similarly, we find that the trial court did not abuse its discretion by admitting into evidence the report of the expert witness.
Appellant's final assignment of error is, therefore, OVERRULED.
For the foregoing reasons, the judgment of the trial court is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Kline, J.: Concur in Judgment Only.
[1] Civ.R. 38(B) provides in pertinent part that "the jury shall be composed of eight members unless the demand specifies a lesser number; and in the event of timely demand by more than one party in such actions the jury shall be composed of the greater number not to exceed eight." Since the alternate juror was ordered by the court not to speak or participate in the deliberative process in any form, it cannot be said that he was a member of the jury, and Civ.R. 38(B) was, therefore, not violated.
[2] Civ.R. 26 provides in part:
 Supplementation of Responses. (E) A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
 (1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify.
 (2) A party who knows or later learns that his response is incorrect is under a duty seasonably to correct the response.
 (3) A duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through requests for supplementation of prior responses.