**HOITT, Appellee,**

v.

**SIEFER, Appellant.**

[Cite as *Hoitt v. Siefer* (1995), 105 Ohio App.3d 104.]

Court of Appeals of Ohio,
Third District, Putnam County.

No. 12–94–13.

Decided June 29, 1995.

*Hyman & Hyman* and *David A. Hyman,* for appellee.

*Randy L. Reeves,* for appellant.

SHAW, Judge.

Defendant-appellant, Russell J. Siefer, appeals from the judgment of the Putnam County Court of Common Pleas, finding that defendant was negligent in the operation of his automobile, causing plaintiff-appellee, Donald J. Hoitt, Sr., to suffer personal injuries.

Defendant asserts the following two assignments of error in support of his appeal:

"I. After the Defendant admitted liability, based upon negligence, the trial court improperly admitted evidence and made a finding regarding Defendant/Appellant's use of alcohol and alcohol related traffic conviction, in the incident which gave rise to Plaintiff/Appellee's cause of action.

"II. That Plaintiff's injuries were of a pre-existing nature, and that the judgment awarded by the trial court was excessive in light of the conflicting testimony provided by Plaintiff's treating physicians, and not supported by the evidence presented at trial."

The record reveals that on July 17, 1993, defendant was traveling on U.S. 224 in Putnam County when his semi-truck struck the vehicle operated by plaintiff, causing plaintiff to suffer personal injuries. On January 11, 1994, plaintiff filed his complaint alleging negligence in the trial court. Initially, defendant filed an answer denying plaintiff's allegations of negligence. However, on May 25, 1994, defendant filed a consent to judgment which contained a written admission that his negligence was the cause of the accident.

On October 28, 1994, the case proceeded to a bench trial on the sole issue of damages. At the close of the trial, the court awarded damages to the plaintiff in the amount of $47,500.

In defendant's first assignment of error, he claims that the trial court erred in admitting evidence of his intoxication at the time of the accident because no

allegations regarding the use of alcohol or the reckless operation of a vehicle were set forth in the initial complaint.

With respect to the admission of evidence that a defendant in a civil automobile negligence case had consumed alcohol at the time the tort was committed, such evidence is admissible to determine if an award of punitive damages is justified. *Cabe v. Lunich* (1994), 70 Ohio St.3d 598, 640 N.E.2d 159, syllabus. In the instant case, it appears that the trial court admitted evidence of defendant's intoxication at the time of the accident for the sole purpose of preventing any attempt by defendant to discharge a potential judgment debt through a declaration of bankruptcy.[1] There is no indication from the record that plaintiff included a prayer for punitive damages in his complaint, nor is there any indication that punitive damages were awarded by the trial court in its judgment entry.

While defendant contends that the trial court erred in admitting evidence of his intoxication, he does not set forth a clear legal basis for his argument. Defendant cites *Taylor v. Lucas* (Dec. 17, 1993), Trumbull App. No. 92–T–4817, unreported, 1993 WL 548477, for the proposition that once a defendant has admitted his negligence, it is unnecessary to prove that negligence through the evidence of intoxication. However, *Taylor* involved a jury trial where punitive damages were prayed for in the complaint and where the court held that evidence of intoxication alone was insufficient to prove punitive damages. In the case *sub judice*, the case was tried to the court solely on the issue of compensatory damages and not punitive damages. Moreover, the holding in *Taylor* has been reversed by *Cabe v. Lunich, supra*, where the Supreme Court of Ohio held that intoxication evidence is admissible to prove punitive damages. See *Taylor v. Lucas* (1994), 71 Ohio St.3d 39, 641 N.E.2d 200. In our view, the holding of *Cabe v. Lunich, supra*, does not necessarily preclude a trial court from admitting evidence of intoxication in a negligence case where punitive damages are not an issue. See *Cabe v. Lunich*, 70 Ohio St.3d at 603, 640 N.E.2d at 163, fn. 3.

Based on the foregoing, we find no indication that the trial court considered evidence of defendant's intoxication for any purpose other than plaintiff's stated purpose of avoiding the discharge in bankruptcy of any judgment entered against defendant. Moreover, in light of the fact that plaintiff's case was tried before the court and not a jury, defendant's contention that the admission of evidence of his intoxication was prejudicial because it served to inflame the court on the issue of damages is without merit. We find nothing in the record which indicates that the

---

1. Section 523(a)(9), Title 11, U.S. Code excepts from bankruptcy discharge those debts which arise from a judgment incurred as a result of a debtor's operation of a motor vehicle while legally intoxicated.

trial court's damage award was in any way affected by the admission of this evidence. Accordingly, we hold that the trial court did not err when it admitted evidence of defendant's intoxication at trial. Defendant's first assignment of error is overruled.

In defendant's second assignment of error, he contends that the evidence presented at trial was insufficient to support the court's damage award. In particular, defendant contends that the trial court erred in placing more weight on the testimony of Drs. Joel Knerr and C.T. Lin than on the testimony of Dr. Don Evans, D.C., because Evans was the only individual who had treated plaintiff for a preexisting injury prior to the accident. In addition, defendant asserts that contradictions in the trial testimony rendered the evidence insufficient to support the trial court's judgment. It is well established that the test for a reviewing court in determining whether a judgment in a civil case is against the manifest weight of the evidence is whether there was some competent, credible evidence to support the findings of the trier of fact and the judgment of the court. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. Moreover, the weight to be given to the evidence and the credibility of witnesses are issues to be resolved by the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

Upon review of the depositions of the two treating physicians as well as the trial testimony of the treating chiropractor, we find that there is certainly competent and credible evidence which supports the trial court's judgment. Both the physicians and the chiropractor who examined plaintiff were of the opinion that despite plaintiff's preexisting injury, his current back injuries were related to the July 17, 1993 accident caused by defendant. Accordingly, defendant's second assignment of error is overruled.

In summary, defendant's two assignments of error are overruled and the judgment of the Putnam County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.