Appellant Samuel Knight, a.k.a. Chip, appeals from his conviction in the Lorain County Court of Common Pleas. We affirm.
On June 13, 1995, Jay Miller, a paid police informant, met with detectives from the Lorain Police Department. Miller was to make a controlled drug buy from a house located at 1225 West Ninth Street in Lorain, Ohio. The detectives thoroughly searched Miller and his vehicle to ensure that he did not have any other money or drugs. After the searches, Miller was fitted with a recording device and given two marked $20 bills. Miller then drove to the house in question, with the detectives following him in a separate vehicle.
When Miller arrived at the house, he encountered Knight, who was acting as the doorman for the drug dealer(s) involved. Miller told Knight that he wanted to purchase $40 worth of crack cocaine. Knight told him that there wasn't any crack in the house but that he (Knight) would call around to find someone to bring some. After ten or fifteen minutes, Miller left the house intending to drive away and had almost reached his vehicle when a red car drove up to the house. Knight, who was standing on the porch of the house, indicated that the passenger in the car was "Bubba," who would have drugs for Miller to buy. Miller walked back to the house and gave Knight the $40. Knight then went to the car with the money and returned with two rocks of crack cocaine. Miller secreted the drugs in his mouth and left the house. He then drove back to the police station, followed by the detectives.
At the police station, the detectives again searched Miller and his vehicle, and the two rocks of crack were retrieved from Miller's mouth. No other money or drugs were found on Miller or in Miller's car. Based on the activity of that day, Knight was arrested.
Knight was indicted on one count of aggravated drug trafficking, in violation of former R.C. 2925.03(A)(1).[1] Knight pleaded not guilty, and the matter was tried before a jury on September 15 and 16, 1997. The prosecution's witnesses were Miller and two of the detectives involved in the drug buy that day. The only defense witness was Knight. After deliberating, the jury found Knight guilty. The trial court immediately proceeded to sentencing and imposed a prison term of one year. Knight now appeals to this court.
In his sole assignment of error, Knight asserts that the jury's verdict was against the manifest weight of the evidence. When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Former R.C. 2925.03(A)(1) stated: "No person shall knowingly * * * [s]ell or offer to sell a controlled substance in an amount less than the minimum bulk amount[.]" Knight argues that his conviction should be reversed because neither of the detectives who testified witnessed Knight making the transaction, the two marked $20 were never recovered, and Miller was not a credible witness. With respect to Miller's credibility, Knight focuses on Miller's status as a former drug addict turned paid informant, and on Miller's current incarceration from an unrelated 1996 felony domestic violence charge. Having fully reviewed the record before us, we cannot say that the conviction is against the manifest weight of the evidence. Evaluating evidence and assessing credibility are primarily for the trier of fact. Hoitt v. Siefer (1995),105 Ohio App.3d 104, 107. The jury was presented with testimony that Knight took Miller's $40 to a car and returned with two rocks of crack cocaine. Although Knight denied the transaction, the jury was entitled to believe Miller to be a more credible witness than Knight. We cannot say that the jury clearly lost its way in finding Knight guilty. Accordingly, Knight's assignment of error is overruled.
Knight's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- EDWARD J. MAHONEY FOR THE COURT
BAIRD, P. J., CARR, J., CONCUR
[1] The statute was amended July 1, 1996, as a part of Senate Bill 2.