DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants Sean-Mark, Inc. ("Sean-Mark"), and Richard Young, a.k.a. John R. Young, appeal from the judgment of the Medina County Court of Common Pleas adopting a magistrate's decision. We affirm.
On March 10, 1993, appellee Robert Neura entered into an agreement with Pizpub, Inc., through its vice-president and secretary, Young. The agreement called for the parties to operate a tavern on a parcel of real property on Marks Road in Brunswick Hills Township, Medina County, Ohio. As consideration, Neura, the owner of the Marks Road property, conveyed a one-third interest in the property to Sean-Mark (which was denominated the "designee" of Pizpub), while Pizpub conveyed fifty shares of its stock to Neura. Pizpub also represented that it had the rights to a liquor permit that could be used at a tavern on the Marks Road property. The agreement also stated: "If, however, said tavern business does not become an active business on or before January 1, 1995, the parties hereto will reconvey all stock and realty to the original grantors."
On November 8, 1995, Neura filed a complaint in the Medina County Court of Common Pleas, naming Sean-Mark and Young as defendants.[1] The complaint sought to quiet title in the Marks Road property and sought damages against Sean-Mark and Young. Sean-Mark and Young answered, and Young counterclaimed for damages and specific performance, alleging that Neura had not fulfilled his part of the agreement.
A hearing was held before a magistrate on April 2, 1998. At the hearing, it was alleged that the case had been called for trial, but Neura had not appeared and as a result the complaint was dismissed; it was also alleged that the counterclaim was resolved in favor of Young, except for damages. However, no journal entry appears in the record memorializing these actions.
The only witness at the hearing was Young. He testified to the following: There was a partnership agreement between himself and Neura. Neura was to convey a one-third interest in the Marks Road property to Sean-Mark and convey the remaining two-thirds interest to Pizpub. Neura had conveyed a one-third interest in the Marks Road property to Sean-Mark, but he did not convey the remaining two-thirds to Pizpub. Young testified that he had expended over $20,000 in attempting to create the tavern on the Mark Road property, and that Neura had not expended any money toward their aim. However, documentary evidence of Young's expenditures was limited, and only demonstrated about $5,000 in expenditures.
On April 10, 1998, the magistrate issued a decision. The magistrate found that the tavern had not been created on the Marks Road property by January 1, 1995. The magistrate ordered Sean-Mark to reconvey its one-third interest in the Marks Road property to Neura, and ordered Neura to return his fifty shares of Pizpub stock. The magistrate also found that the evidence only supported $5,000 in expenditures having been made by Young for the benefit of the partnership, and ordered Neura to repay his portion, $2,500, to Young.[2]
Sean-Mark and Young filed objections to the magistrate's decision with the trial court. On August 19, 1998, the trial court overruled the objections and adopted the magistrate's decision. This appeal followed.
Sean-Mark and Young present two assignments of error. We will address each in turn.
 First Assignment of Error THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ORDERING DEFENDANT SEAN-MARK, INC., DIVESTED OF ITS REAL ESTATE TITLE WHERE THERE WAS NO CLAIM PENDING AGAINST THIS CORPORATE DEFENDANT AND ANY PRIOR PLEADING OR CONTRACTUAL CLAIM WAS SPECIFICALLY DENIED BY THIS DEFENDANT.
In the first assignment of error, Sean-Mark argues that the trial court erred by ordering it to reconvey its one-third interest in the Marks Road property to Neura. Sean-Mark contends that the trial court and the magistrate lacked the authority to consider the claims against it because Neura's complaint had been dismissed and the written agreement between Neura and Pizpub that called for Neura's conveyance of the interest to Sean-Mark was therefore not before the court. We disagree.
We first note our standard of review. In Mealey v. Mealey
(May 8, 1996), Wayne App. No. 95CA0093, unreported, we held that, when reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), we determine whether the trial court abused its discretion in adopting the decision.Id. at 5. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Sean-Mark's argument that the complaint had been dismissed is without merit. When entering a judgment, a court speaks only through its journal, and not from pronouncements from the bench or other non-journalized means. State ex rel. White v. Junkin
(1997), 80 Ohio St.3d 335, 337. "A judgment is effective only when entered by the clerk upon the journal." Civ.R. 58(B). In the case at bar, no time-stamped journal entry stating that Neura's complaint had been dismissed appears in the record. Therefore, the complaint had not been dismissed when the hearing was held on April 2, 1998, notwithstanding any statements to the contrary made at the hearing. The complaint and the written agreement between Neura and Pizpub were properly before the magistrate. The trial court did not abuse its discretion by adopting the magistrate's decision in that regard. The first assignment of error is overruled.
 Second Assignment of Error THE TRIAL COURT'S ADOPTION OF THE MAGISTRATE'S DECISION WAS CONTRARY TO LAW AND FACT AS TO DEFENDANT-APPELLANT RICHARD YOUNG.
In the second assignment of error, Young argues that the trial court erred by adopting the magistrate's decision. He asserts that the magistrate improperly considered the agreement between Neura and Pizpub. He also contends, in essence, that the magistrate's award of only $2,500 in damages against Neura is against the weight of the evidence. We disagree.
With respect to Young's first contention, we have resolved those issues in the first assignment of error. Any alleged dismissal of Neura's complaint, and by extension Young's answer to the complaint, was never journalized and therefore of no effect. The agreement was properly before the magistrate.
Young also contends that the magistrate should have awarded him the entire amount sought, $20,000. However, documentary evidence of Young's expenditures only amounted to $5,000. It was within the province of the magistrate to determine whether Young's testimony was credible. See Hoitt v. Siefer (1995), 105 Ohio App.3d 104,107. We will not second-guess the magistrate, who had the opportunity to view Young's demeanor and pass upon his credibility. We cannot say that the trial court abused its discretion by adopting the magistrate's report with regards to Young. The second assignment of error is overruled.
The assignments of error of Sean-Mark and Young are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER FOR THE COURT
SLABY, P. J.
WHITMORE, J.
CONCUR
[1] The complaint also named as defendants the estates of two persons who were alleged to have held a mortgage on the Marks Road property. However, those issues are not before us in this appeal.
[2] The record is somewhat unclear as to the exact relationship between Sean-Mark, Pizpub, and Young. The agreement was between Neura and Pizpub, but the complaint and counterclaim both were maintained with Young as the party in interest. Some connection between Young and Sean-Mark has been denied, but they have been represented by the same attorney from the beginning of these proceedings. We find it even more confusing, and somewhat disturbing, that this same attorney stated at oral argument that she could not shed light on these relationships between her clients.