OPINION
{¶ 1} Defendant-appellant, Michael Trent Moonshower (hereinafter, "appellant"), appeals the judgment of the Common Pleas Court of Van Wert County, Juvenile Division denying his motion for shared parenting, and motion to change residential parent.
 {¶ 2} Appellant and appellee herein, Jami Duer (herein "Jami"), are the parents of Raelan Duer (dob November 17, 2001). On April 15, 2002, through genetic testing and an administrative order establishing paternity, appellant was determined to be the father of Raelan. Following the administrative order, the Mercer County Child Support Enforcement Agency filed a complaint to set support in the Mercer County Juvenile Court (hereinafter, the "Mercer court"). In August, 2002, the Mercer court, by way of judgment entry, found appellant to be Raelan's father and designated Jami as the residential parent and legal custodian of Raelan. In addition, appellant was ordered to pay child support and was granted visitation rights with Raelan.
 {¶ 3} Within the year following the Mercer court's decision, both appellant and Jami moved to Van Wert County and, upon motion, jurisdiction of the matter was transferred to the Van Wert County Juvenile Court (hereinafter, the "trial court").
 {¶ 4} On March 10, 2003, appellant filed a motion to change Jami's status as residential parent and also filed a motion for temporary custody of Raelan with the trial court. Both appellant and Jami also filed separate shared parenting plans with the court.
 {¶ 5} An evidentiary hearing was held on the motion for temporary change of custody on April 3, 2003. The trial court denied appellant's motion for temporary custody and ordered that Jami remain as the residential parent. The trial court, however, also ordered that that upon her release from jail, Jami was to reside with her mother. Lastly, the trial court ordered the Van Wert Department of Job and Family Services to conduct home studies of both Jami and appellant and further ordered Jami and appellant to undergo drug and alcohol assessments.
 {¶ 6} On September 23, 2003, the trial court held an evidentiary hearing on appellant's motion to change residential parent status. The trial court went on to deny appellant's motion finding that there had not been a change in circumstances that warranted changing Jami's status as residential parent of Raelan and ordered that the custody and visitation order originally approved by the Mercer court in August, 2002, be continued. In addition, the trial court overruled both shared parenting plans.
 {¶ 7} Appellant now appeals the judgment of the trial court and sets forth four assignments of error for our review. For purposes of brevity, we have combined appellant's second and third assignments of error.
ASSIGNMENT OF ERROR NO. I
 The trial court erred as a matter of law by applying a"substantial change in circumstances test" to whether it shouldmodify the original custody decree.
 {¶ 8} R.C. 3109.04(E) provides that a trial court must not
modify a prior custody decree unless it finds the following: 1) there has been a change in circumstances of the child; 2) a modification would be in the best interest of the child; and 3) the harm that would result from the change is outweighed by the benefits that will result from the change. Warnecke v.Warnecke, 3d Dist. No. 12-01-05, 2002-Ohio-1420, citing R.C.3109.04(E)(1)(a), citations omitted. The determination of whether a change in circumstances has occurred is a threshold finding that must be determined prior to weighing the other factors. Id., citing Clark v. Smith (1998), 130 Ohio App.3d 648, 653.
 {¶ 9} Pertinent to this assignment of error, R.C.3109.04(E)(1)(a) specifically provides that:
(E)(1)(a) The court shall not modify a prior decree allocatingparental rights and responsibilities for the care of childrenunless it finds, based on facts that have arisen since the priordecree or that were unknown to the court at the time of the priordecree, that a change has occurred in the circumstances of thechild, the child's residential parent * * *. Emphasis added.
 {¶ 10} Appellant maintains that because R.C. 3109.04(E)(1)(a) only requires a court to find that "a change has occurred," the trial court erred by requiring him to meet a higher burden of proof by requiring him to demonstrate that a "substantial change" in circumstances had occurred since the time of the Mercer court's, August 2002, custody decree. We disagree.
 {¶ 11} We acknowledge that, in applying R.C. 3109.04(E)(1)(a) to the case at bar, the trial court, in its September 25, 2003judgment entry, stated that:
The prior custody order occurred only one year ago. The motherdid move a couple of times and did serve some time in jail forunderage consuming charge. But otherwise, there was no evidenceof any substantial change of circumstances.
Emphasis added. The trial court, however, went onto find the following:
The problems noted in the hearing almost all existed at thetime of the prior order — the child's medical condition themother's young age and limited income, the parents basic livingarrangement. The changes were all very minor and mostly just theresult of normal one year activities. In short, the court doesnot find any change of circumstances required under R.C.3109.04(E) for a modification of custody.
Emphasis added. A careful reading of the trial court's judgment entry reveals that, although the trial court made reference to evidence of a "substantial change" in circumstances, its decision whether or not to modify the original custody decree was limited to a finding of "any change" in circumstance, in accordance with R.C. 3109.04(E)(1)(a).[1]
 {¶ 12} In addition, in interpreting R.C. 3109.04(E)(1)(a), this court has noted that a change in circumstances "must besubstantial, not slight or inconsequential." Warnecke v.Warnecke, 3d Dist. No. 12-01-05, 2002-Ohio-1420, emphasis added, citing Musson v. Musson (June 10, 1998), Hardin App. No. 6-98-01; Davis, supra at 418 (In which the Supreme Court of Ohio noted that, "[c]learly, there must be a change of circumstances to warrant a change of custody, and the change must be a change of substance, not a slight or inconsequential change."). Accordingly, although, R.C. 3109.04(E)(1)(a) does not contain the term "substantial" in conjunction with "a change in circumstance," case law demonstrates that when determining whether "a change in circumstances" has occurred, the trial court must examine whether the "change" is of sufficient import to warrant modification of a prior custody decree. The trial court's use of the term "substantial change in circumstance" does not per se indicate that it required appellant to meet a higher burden of proof than that required by R.C. 3109.04(E)(1)(a).
 {¶ 13} Appellant's first assignment of error is, therefore, overruled.
ASSIGNMENT OF ERROR NO. II
 The trial court erred as a matter of law by finding that therehad been no change in circumstances since the original decree.
 ASSIGNMENT OF ERROR NO. III
 The trial court's determination that there was no change incircumstances since the original decree was against the manifestweight of the evidence.
 {¶ 14} In these assignments of error, appellant asserts that the trial court erred as a matter of law in determining that there had been no change of circumstances since the Mercer court's August 2002, custody decree (herein after referred to as the "Mercer custody decree"). Appellant specifically maintains that because the trial court did not have a record of what evidence was presented to the Mercer court in August 2002, the trial court erroneously held that all of the evidence of alleged changes in circumstances presented by appellant to the trial court herein existed prior to the Mercer custody decree. Moreover, appellant asserts that the judgment of the trial court is against the manifest weight of the evidence, and rather claims that there has been a sufficient change in circumstances to require modification of the Mercer custody decree.
 {¶ 15} In determining whether a change in circumstances has occurred, a trial judge, as the trier of fact, must be given wide latitude to consider all issues concerning a potential change.Davis v. Flickinger (1997), 77 Ohio St.3d 415, 416-17. If competent, credible evidence supports the trial court's findings, its decision will not be reversed on appeal as being against the manifest weight of the evidence. Hoitt v. Siefer (1995),105 Ohio App.3d 104, 107. Additionally, in custody modification cases, an appellate court must give the trial court the "utmost respect" because it has the best opportunity to gauge the credibility, attitude, and demeanor of each witness. Miller v.Miller (1988), 37 Ohio St.3d 71, 74, and Davis, supra, at 418. Consequently, absent an abuse of discretion, a reviewing court will not reverse a trial court's decision regarding child custody. See, Bechtol v. Bechtol (1990), 49 Ohio St.3d 21;Davis, supra, at 418. An abuse of discretion suggests that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Bailey v. Bailey, 3d Dist. No. 1-01-135, 2002-Ohio-1063, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Blakemore, supra, at 219.
 {¶ 16} Appellant asserts that the trial court overlooked, among other evidence, the following alleged "change in circumstances": (1) Raelan has numerous medical issues which Jami failed to properly care for and address by not keeping up with Raelan's medications, missing doctor's appointments, and by failing to obtain a leg brace for Raelan; (2) Jami has significant issues with alcohol; (3) Jami had been in jail for thirty days for violation of the terms of her probation stemming from a conviction for underage consumption of alcohol, and; (4) Jami and her live-in fiancé had an incident of domestic violence. Appellant maintains that had the trial court properly considered these events as having occurred since the time of the Mercer custody order, it would have found a change in circumstances warranting a change of Jami's status as residential parent.
 {¶ 17} For the reasons that follow, we find that the trial court did not abuse its discretion in overruling appellant's motion to change the status of Jami as residential parent of Raelan. Moreover, we find that the trial court's finding that no change in circumstances has occurred since the Mercer custody decree was supported by competent, credible evidence and was not against the manifest weight of the evidence.
 {¶ 18} Our review of the record indicates that the trial court carefully took into account the testimony of witnesses, exhibits and evidence presented during the hearing to determine appellant's motion to modify the Mercer custody decree. Despite appellant's assertion, it is clear that the trial court did not solely base its decision that there had been no change in circumstance on the grounds that all of the allegations presented by appellant existed at the time of the Mercer custody order.
 {¶ 19} The trial court took into consideration many of the allegations as presented by appellant. For example, the trial court's judgment entry includes the following findings of fact: (1) that Jami had been in jail for 30 days; (2) Jami's young age; (3) Jami's more recent changes of residence; (4) that Raelan has several medical problems including being lactose intolerant, diaper rash, and leg and eye problems, all of which require proper medical attention, and; (5) that based upon the home studies conducted by the Van Wert Department of Job and Family Services, that both Jami and appellant have alcohol problems and recommended follow-up substance abuse counseling for both. Thus, the court considered these allegations but did not gauge the evidence concerning them sufficient to establish that they added up to a consequential difference from existing circumstances. Upon a review of the evidence in the transcript, neither do we.
 {¶ 20} The fact that Jami was ordered to serve thirty (30) days in jail within several months after the Mercer custody decree had been issued,[2] does not ipso facto establish a sufficient basis for the trial court to find a change in circumstances. Jami completed her jail sentence approximately five months prior to the hearing on appellant's motion to change residential parent status. Since the time of her release, Jami has returned to the status quo, including finding employment and has undergone drug and alcohol assessments. Moreover, in contrast to appellant's allegations of Jami's care for the health concerns of Raelan, there was equally compelling evidence presented by Jami to the trial court that she was seeking the proper medical attention for Raelan and was doing her best to care for Raelan.
 {¶ 21} Although there are several issues of concern which have arisen since the Mercer custody decree, the record reveals that the trial court considered these issues and exercised its discretion in finding that there had not been a change in circumstances sufficient to warrant a modification of the prior custody decree. While it is apparent that Jami certainly has to make personal improvements in her care for Raelan, we find that that the trial court did not abuse its discretion in overruling appellant's motion to change Jami's status as the residential parent.
 {¶ 22} Accordingly, appellant's second and third assignments of error are overruled.
ASSIGNMENT OF ERROR NO. IV
 The trial court erred as a matter of law when it determinedthat it could not grant either of the proposed shared parentingplans.
 {¶ 23} Pertinent to this assignment of error, R.C.3109.04(E)(1)(b) provides that:
One or both of the parents under a prior decree allocatingparental rights and responsibilities for the care of childrenthat is not a shared parenting decree may file a motionrequesting that the prior decree be modified to give both parentsshared rights and responsibilities for the care of the children.* * * Upon the filing of the motion, if the court determinesthat a modification of the prior decree is authorized underdivision(E)(1)(a) of this section, the court may modify theprior decree to grant a shared parenting order, * * *
 {¶ 24} Accordingly, in order to approve a shared parenting plan, the court must first find that a change in circumstances has occurred. See R.C. 3109.04(E)(1)(a). Appellant therefore re-asserts that a change in circumstance has occurred and, therefore, his motion for shared parenting should have been granted.
 {¶ 25} Based upon our determination of the appellant's second and third assignments of error that the trial court did not error or abuse its discretion in finding that there was no change of circumstance under to R.C. 3109.04(E)(1)(a), it is clear from the mandate of R.C. 3109.04(E)(1)(b) that the trial court could not grant appellant's purposed shared parenting plan.
 {¶ 26} Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 27} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J., and Bryant, J., concur.
[1] Compare to Davis v. Flickinger (1997), 77 Ohio St.3d 415, at 417-18, 1997-Ohio-260 (The Supreme Court of Ohio reversed the Fifth District Court of Appeals because "[t]he term `substantial' appears repeatedly throughout [the appeals court's] opinion and always in conjunction with `change.' In doing so, the court of appeals appeared to require a higher burden of proof than required by statute." Emphasis added).
[2] The Mercer custody decree was ordered in August, 2002. The record and testimony from the April 3, 2003, and September 23, 2003, hearings indicates that Jami was arrested for underage consumption of alcohol in November, 2002, and was incarcerated for thirty (30) days beginning March 28, 2003 for failure to comply with the terms of her probation stemming from the underage consumption conviction.