OPINION
{¶ 1} Plaintiff-appellant, James J. Livermore ("James"), appeals the July 21, 2005 judgment of the Common Pleas Court of Crawford County, Ohio, denying his motion filed on August 13, 2004, requesting that the Court name him the residential parent of the parties' three minor children and find defendant-appellee, Rosa M. Livermore ("Rosa"), in contempt of court.
{¶ 2} On November 15, 1999, the parties were divorced. The parties agreed at that time to a shared parenting arrangement regarding their three minor children. Specifically, the parties agreed to a 9/3 split in which the children spent the school year with Rosa, who resided in Florida and the summer months with James, who resided in Ohio. Rosa was designated the residential parent during the school year and James was designated the residential parent during the summer. James was also ordered to pay Rosa $150.00 per month for child support for the three children.
{¶ 3} On March 15, 2001, the eldest child, Cory, came to live with James. In October 2003, the youngest child, Kimberly, moved to Ohio to live with James. The middle child, Ashley, lived with Rosa at all times until the summer of 2004. At the beginning of the summer of 2004, the parties met in Tennessee as a halfway point to exchange the children. Cory and Kimberly went to Florida to spend the summer with Rosa and Ashley came to Ohio to spend the summer with James. At that time James indicated to Rosa that he thought it would be in the best interest for the children to live together and that he wanted them to spend the school year with him. However, the parties did not come to any agreement. Late in the summer of 2004, Rosa advised James that Cory and Kimberly would be staying in Florida for the school year. However, nothing was said regarding Ashley so James enrolled her in school in Ohio.
{¶ 4} On August 13, 2004, James filed a motion requesting that the Court name him the residential parent of the parties' three minor children and find Rosa in contempt of court. On September 29, 2004, a pre-trial conference was held and the trial court appointed a Guardian Ad Litem. On February 15, 2005, the Guardian Ad Litem filed a report with the trial court and a final hearing was held before the magistrate. On March 8, 2005, the Magistrate's Decision was filed providing that James' motion filed on August 13, 2004 should be denied in all respects. On March 18, 2005, James filed his objections to the Magistrate's Decision. Rosa did not file any objections. On July 21, 2005, the trial court filed a Judgment Entry acknowledging James' objections to the Magistrate's Decision, ordering that James' objections be overruled and that the Magistrate's Decision be adopted in its entirety.
{¶ 5} On August 17, 2005, James filed a notice of appeal alleging the following assignments of error:
THE TRIAL COURT ABUSED IT'S DISCRETION IN: (1) FAILING TO TERMINATE THE SHARED PARENTING PLAN; (2) FAILING TO DESIGNATE THE FATHER AS THE SOLE RESIDENTIAL PARENT OF THE PARTIES' THREE MINOR CHILDREN; AND (3) FAILING TO HOLD A HEARING ON THE OBJECTIONS FILED BY THE FATHER TO THE MAGISTRATE'S DECISION UNDER THE CIRCUMSTANCES PRESENTED WITHIN THIS CASE.
THE TRIAL COURT ERRED IN FAILING TO FIND THE APPELLEE IN CONTEMPT OF COURT.
{¶ 6} In James' first assignment of error, he argues that the trial court abused its discretion by failing to modify or terminate the shared parenting plan to designate him as the sole residential parent. He also claims that the trial court abused its discretion in failing to provide him a hearing regarding his objections to the Magistrate's Decision.
{¶ 7} A trial court is entitled to broad discretion in determining whether a change in allocation of parental rights and responsibilities is warranted. Miller v. Miller (1988),37 Ohio St.3d 71, 523 N.E.2d 846. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
{¶ 8} The power of a trial court to modify an existing custody decree is provided in R.C. 3109.04(E)(1). Pursuant to R.C.3109.04(E)(1)(a),
The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, * * * that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Before a trial court can make a modification, the court must find, "based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree," that (1) a change in circumstances has occurred; (2) a change in the parental rights and responsibilities is in the best interests of the child; and (3) one of the factors listed in R.C.3109.04(E)(1)(a)(i)-(iii) applies. R.C. 3109.04(E)(1)(a).
{¶ 9} The threshold inquiry is whether a change has occurred in the circumstances of one of the parents or of the children; this issue must be addressed before moving to the final two prongs of the test. Id., Miller, 37 Ohio St.3d at 74. A change in circumstances "must be a change of substance, not a slight or inconsequential change." Davis v. Flickinger (1997),77 Ohio St.3d 415, 418, 674 N.E.2d 1159. The legislature's intent in requiring a showing of changed circumstances was to "spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a `better' environment." Wyss v. Wyss (1982), 3 Ohio App.3d 412,416, 445 N.E.2d 1153. In the case at hand, we find that the trial court did not abuse its discretion in finding that James failed to meet his burden to demonstrate that there has been a change in circumstances.
{¶ 10} James contends that the facts indicate a change of circumstances because the children were integrated into his home with Rosa's consent. The trial court disagreed and stated:
The purpose of a shared parenting plan is to provide the parties the necessary flexibility within the Court's Order to act in concert in the best interests of their children. As all persons who have raised or are raising children know, matters will arise in the course of their development that cannot necessarily be predicted at the time of divorce. These issues may be educational, emotional, psychological or otherwise. Shared parenting allows divorced parents the ability to cooperate with each other to make parenting decisions as unforeseen needs arise. This is exactly what the parties herein did. The Court therefore views the decisions made by the parties to have been within the parameters of the shared parenting plan and not to constitute a sufficient change in circumstance, when viewed in context with other facts, to justify a change of custody.
July 21, 2005 Judgment Entry, 2. Upon review of the record, we find the trial court had before it competent, credible evidence by which it found that there was not a compelling reason to modify the shared parenting plan.
{¶ 11} Furthermore, James contends that the trial court erred by failing to hold a hearing on the objections to the Magistrate's Decision. Pursuant to Civ.R. 53(E),
(3)(a) A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision * * *. * * *
(4)(b) The court shall rule on any objections the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced the evidence for the magistrate's consideration.
The use of the word "may" in the statute indicates the court has discretion to decide whether to hear additional evidence after the parties submit objections to the magistrate's decision. Normandy Place Assoc. v. Beyer (1982), 2 Ohio St.3d 102, 105,443 N.E.2d 161. The drafters of the Civil Rules "chose to employ the word `may,' which has traditionally been interpreted as merely conferring a right or privilege on a party rather than imposing on him an obligation to act." Id. at 105. In this case, we must not reverse the judgment below unless we find the court's decision not to hear additional evidence implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court.
{¶ 12} In the case at hand, we fail to find an abuse of discretion in the trial court's decision not to hold a hearing on the objections to the Magistrate's Decision. Nothing in the record indicates that there was additional evidence that was not considered in making the Magistrate's Decision. Thus, the first assignment of error is overruled.
{¶ 13} In James' second assignment of error, he asserts that the trial court erred in failing to find Rosa in contempt of court for failing to return two of the children to him for summer visitation. Specifically, he states that Rosa admitted to violating the court's order to return Cory and Kimberly to him.
{¶ 14} On review, an appellate court may not reverse a trial court's determination on a motion for contempt absent an abuse of discretion. State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11, 417 N.E.2d 1249. In this case, the trial court stated:
[James] requests that the Court reject the Magistrate's finding that [Rosa] was not in contempt of court for failing to return two of the children to him for his summer visitation at a time after the parties had by agreement entered into other adjustments to the Court's previous orders. After review of all matters herein, the Court finds the Magistrate's Decision to be correct because when viewing [Rosa's] conduct in light of the other actions of the parties at the time, the Court cannot find that it rose to the level of willful disobedience of a court order so as to require sanctions to be imposed.
July 21, 2005 Judgment Entry, 3.
{¶ 15} On the evidence presented, we cannot say that the trial court's decision to deny James' motion for contempt was arbitrary, unreasonable or constituted an abuse of discretion. Consequently, James' second assignment of error is overruled.
{¶ 16} Accordingly, James' assignments of error are overruled and the July 21, 2005 judgment of the Common Pleas Court of Crawford County, Ohio is affirmed.
Judgment affirmed.
Cupp and Rogers, JJ., concur.