OPINION *Page 2 
{¶ 1} Defendant-appellant, Carla M. Bracy nka Carla Marie Crawford (hereinafter "Carla"), appeals the judgment of the Allen County Court of Common Pleas, Domestic Relations Division, affirming and modifying the Magistrate's decision to modify the shared parenting plan pursuant to R.C. 3109.04. For reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On September 18, 2001, Carla and plaintiff-appellee, Steve A. Bracy (hereinafter "Steve"), were divorced pursuant to a Judgment Entry of Divorce. The parties entered into a shared parenting plan, which was approved by the court and stipulated that Carla was to be the primary care giver of the parties' two minor children, Stephanie Bracy (DOB: 08/03/93) and Drake Bracy (DOB: 08/13/99). The plan also stipulated that Steve was to have the children for two and one half days per week with liberal visitation.
 {¶ 3} Since the prior order of the court approving the shared parenting plan, Carla has remarried to her current husband Shawn Crawford, (hereinafter "Shawn"); has had three additional children from that marriage, one of which has been diagnosed with juvenile arthritis; and works five evenings per week from approximately 4:30 p.m. until 10:00 p.m. with somewhat varying work days. *Page 3 
Carla also indicated at the hearing that her current husband is an alcoholic but has not sought treatment.
 {¶ 4} Steve works from 8:00 a.m. to 3:00 p.m. on Mondays and from 8:00 a.m. until 5:00 p.m. Tuesday through Friday, with a flexible work schedule. The parties live three blocks from one another, and Steve is willing and able to care for the parties' children during the evenings that Carla is working. Steve has acknowledged that he is a recovering alcoholic, and that he has regularly attended five to six Alcoholics Anonymous (AA) meetings per week for the past four years; however, he has only remained sober for twenty months and two weeks, at the time of his testimony.
 {¶ 5} On September 22, 2007, Carla confronted her current husband, Shawn, about drinking alcohol despite his prior promises to remain sober. Carla, concerned about Shawn, took his car keys and attempted to leave their home with four of her five children and drive to her sister's home. While Carla was leaving, Shawn threw a chair at the car, which cracked the car's windshield. The parties' daughter, Stephanie Bracy, was not present at the time and no physical harm resulted to any of the parties involved. In addition to the September 22, 2007 incident, the record also indicates multiple other domestic disturbances between Carla and Shawn, which necessitated police response.[1] *Page 4 
 {¶ 6} On April 13, 2007, Steve filed a Motion for Reallocation of Parental Rights and Responsibilities. On October 26, 2007, the matter proceeded to hearing where the Magistrate held that a modification of the shared parenting plan was warranted because a change in circumstances occurred and the modification was in the children's best interests. Consequently, the Magistrate recommended a modification of the shared parenting plan to designate Steve as the primary residential parent. Carla filed objections to the Magistrate's recommendation on November 26, 2007. On February 14, 2008, the trial court accepted the Magistrate's recommendation, except that it modified the recommendation to include two weeks of uninterrupted vacation time with the children for each party during the summer.
 {¶ 7} Carla now appeals from the trial court's judgment and asserts two assignments of error for our review. For clarity of analysis, we have combined Carla's assignments of error.
 ASSIGNMENT OF ERROR NO. I THE COURT ERRED IN ADOPTING THE DECISION OF THE MAGISTRATE WITHOUT SUFFICIENT FACTS THAT OCCURRED SINCE THE LAST ORDER TO SHOW THAT A CHANGE HAS OCCURRED IN THE MOTHER'S RESIDENCE AND THAT MODIFICATION IS NECESSARY TO SERVE THE BEST INTEREST OF THE CHILD AND *Page 5 
THAT THE HARM LIKELY TO BE CAUSED BY A CHANGE IN ENVIRONMENT IS OUTWEIGHED BY THE ADVANTAGE OF THE CHANGE OF ENVIRONMENT OF THE CHILD.
 ASSIGNMENT OF ERROR NO. II THE COURT RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT DECIDED, WITHOUT SUPPORTING EVIDENCE, THAT A SINGLE INCEDENT [SIC] WHERE THE ACTIONS OF THE PARENT WERE CLEARLY IN THE BEST INTEREST OF THE CHILD, A CHANGE WAS NECESSARY.
 {¶ 8} On appeal, Carla argues that there was insufficient evidence to justify the trial court's acceptance of the Magistrate's findings that a change in circumstances occurred, and that a modification was in the children's best interests. Carla also argues that the possible negative consequences resulting from the modification are not outweighed by the modification's potential benefits. Furthermore, Carla asserts that the trial court ruled against the manifest weight of the evidence in determining, based on a single incident, that a modification was necessary.
 {¶ 9} "In determining whether a change in circumstances has occurred, a trial judge, as the trier of fact, must be given wide latitude to consider all issues concerning a potential change." Duer v.Moonshower, 3d Dist. No. 15-03-15, 2004-Ohio-4025, ¶ 15, citingDavis v. Flickinger (1997), 77 Ohio St.3d 415, 416-17, 674 N.E.2d 1159. "If competent, credible evidence supports the trial court's *Page 6 
findings, its decision will not be reversed on appeal as being against the manifest weight of the evidence." Id., citing Hoitt v. Siefer
(1995), 105 Ohio App.3d 104, 107, 663 N.E.2d 717. "Additionally, in custody modification cases, an appellate court must give the trial court the `utmost respect' because it has the best opportunity to gauge the credibility, attitude, and demeanor of each witness." Id., citingMiller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846, andDavis, 77 Ohio St.3d at 418. Consequently, "[a] trial court ruling concerning a modification of parental rights should not be overturned absent an abuse of discretion." Fox v. Fox, 3d Dist. No. 5-03-42,2004-Ohio-3344, ¶ 36, citing Masters v. Masters (1994),69 Ohio St.3d 83, 85, 630 N.E.2d 665. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 10} R.C. 3109.04 (E)(1)(a), in pertinent part, provides:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies: *Page 7 
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
 {¶ 11} Prior to modifying the allocation of parental rights and responsibilities, therefore, "the court must find, `based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree,' that (1) a change in circumstances has occurred; (2) a change in the parental rights and responsibilities is in the best interests of the child; and (3) one of the factors listed in R.C. 3109.04(E)(1)(a)(i)-(iii) applies." Livermore v. Livermore, 3d Dist. No. 3-05-17, 2006-Ohio-485, ¶ 8, quoting R.C. 3109.04(E)(1)(a).
 {¶ 12} "[W]hether there are changed circumstances is a threshold inquiry that must be determined prior to examining whether a change in parental responsibility would be in the best interests of the child."Fox, 2004-Ohio-3344 at ¶ 38, citing Clark v. Smith (1998),130 Ohio App.3d 648, 653, 720 N.E.2d 973. In order to have a change in circumstances, "`the change does not have to be quantitatively large, but rather, must have a material effect on the child.'" In re Tolbert v.McDonald, 3d Dist. No. 1-05-47, 2006-Ohio-2377, ¶ 31, quoting Green v.Green, 3d Dist. No. 14-03-29, 2004-Ohio-185, ¶ 7.
 {¶ 13} Carla argues that the trial court ruled against the manifest weight of the evidence in finding that a change in circumstances occurred. Specifically, *Page 8 
Carla argues that the trial court only relied on the passage of six years since the trial court's prior order adopting the shared parenting plan. Carla asserts that any inevitable minor changes associated with the mere passage of time are insufficient to justify finding a change in circumstances. Carla reasons that R.C. 3109.04(E)(1)(a) requires more than the small changes associated with the passage of time in order to "`* * * provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.'" Davis, 77 Ohio St.3d at 418, quoting Wyss v. Wyss (1982), 3 Ohio App.3d 412, 416, 445 N.E.2d 1153. Furthermore, Carla asserts that the trial court's consideration of the September 22, 2007 domestic disturbance is insufficient to find a change in circumstances because it was an isolated incident.
 {¶ 14} Steve, however, argues that the trial court's finding of a change in circumstances was based on its consideration of several relevant factors including: Carla's remarriage to an alcoholic who has refused treatment; Carla's additional three children from that marriage; the parties' work schedules; and the numerous domestic disturbances between Carla and her current husband. Under these circumstances, Steve argues that the trial court did not abuse its discretion in finding a change in circumstances. We agree.
 {¶ 15} Carla's assertions fail to acknowledge the trial court's consideration of multiple relevant factors in finding a change in circumstances. Although Carla *Page 9 
correctly asserts R.C. 3109.04(E)(1)(a)'s intent is to promote stability in the custodial status of children, the trial court's consideration of a combination of relevant factors was sufficient to find a change in circumstances. While the trial court did note that the passage of time was an important factor, it also considered: Carla's remarriage; Carla's current husband's alcoholism and refusal to seek treatment; and the numerous domestic disturbances between Carla and her current husband, in addition to that of September 22, 2007, which necessitated police response. (Feb. 14, 2008 Order).
 {¶ 16} The Magistrate admitted evidence at the modification hearing about multiple domestic disturbances, including police reports of nine telephone calls made to the police by Carla and Shawn. (Oct. 26, 2007 Tr. at 59-69). Carla testified about the police reports:
 Q. Isn't it fair to conclude from review of those documents that there is a history of problems with Shawn?
 A. Yes.
 Q. And an ongoing history, obviously, as indicated by the September 22, 2007 incident?
 A. Yes.
 Q. Various calls followed by periods of a lot of trouble, at least potential for trouble?
 A. Yes.
(Id. at 70).
 {¶ 17} Contrary to Carla's assertions, the trial court considered a combination of relevant factors to determine that a change in circumstances occurred. The trial court's reliance on these factors was not unreasonable, *Page 10 
arbitrary, or unconscionable; and therefore, we find that the trial court did not abuse its discretion in finding a change in circumstances.Blakemore, 5 Ohio St.3d at 219. Moreover, the trial court's finding was supported by competent, credible evidence and was, therefore, not against the manifest weight of the evidence. Duer, 2004-Ohio-4025
at ¶ 15, citing Hoitt, 105 Ohio App.3d at 107.
 {¶ 18} Carla additionally argues that there was insufficient evidence for the trial court to conclude that a modification of the shared parenting plan was in the children's best interests. Carla asserts that the children's current well-being, as evidenced by their good health and academic performance, is a result of her proven success as the primary residential parent. Carla further argues that any modification made to the current shared parenting plan could not produce any actual benefit to the children, and, at most, would maintain the status quo. Therefore, Carla reasons, any modification of the current plan could not be in the children's best interests, as it is not likely to provide any benefit to the children. Furthermore, Carla asserts that increased parental responsibility on Steve, as a result of a modification, is likely to impede his recovery from alcoholism and result in a relapse. Specifically, Carla highlights Steve's unsteady recovery progress and the importance to Steve's sobriety of regularly attending AA meetings. Therefore, Carla argues, a modification that places the parties' children in the care of a recovering alcoholic likely to relapse is not in the children's best interests. To the contrary, Carla asserts that the children's interests would be best *Page 11 
served by their remaining in her care given her proven success as the primary residential parent.
 {¶ 19} Steve argues that, in light of the changed circumstances, modification of the current plan is in the children's best interests. Specifically, Steve argues that a modification will allow him to care for the children during the hours that Carla is working. Additionally, Steve contends that a modification of the shared parenting plan would remove the children from the potentially unstable environment of Carla's home, as evidenced by the multiple domestic disturbances between Carla and her current husband. Furthermore, Steve asserts that Carla's insinuation as to his potential alcoholic relapse due to increased parental responsibility is based on unwarranted speculation. Under these circumstances, Steve argues that the trial court did not abuse its discretion in finding the modification was in the children's best interests. We agree.
 {¶ 20} Carla's argument again fails to recognize the trial court's consideration of several relevant factors in its determination that a modification was in the children's best interests. The Ohio Revised Code includes an illustrative, though non-exhaustive, list of factors that a trial court shall consider in determining the best interest of a child. R.C. 3109.04(F)(1), (2). Pursuant to R.C. 3109.04(F)(1) and (2), the trial court properly considered relevant factors including: the wishes of the parents regarding the children's care; the wishes and concerns of the children; the children's interaction and interrelationship with their *Page 12 
parents, siblings and any other person who may significantly affect the children's best interests; the geographic proximity of the parties to each other; the parties' work schedules; the numerous domestic disputes between Carla and her current husband; and both Shawn and Steve's alcoholism. (Feb. 14, 2008 Order).
 {¶ 21} As part of its consideration of the children's best interests, the trial court noted the "* * * abundant evidence of domestic problems between Carla and her present husband mandating legal intervention." (Id.). In addition, the trial court also indicated that the modification of the plan was tailored to fit the parties' work schedules so that each parent could "* * * have the children with them during the periods of time they are available providing the greatest opportunity to establish firm bonds and to take care of the nurturing of the children." (Id.). The trial court also reasoned that a modification of the plan would result in a "check and balance," due to the more frequent contact with each of the parties, which would allow each household to monitor the other for potential abuses. (Id.). Furthermore, we note that Carla's potential relapse argument is based on pure speculation as to what may happen as a result of Steve's increased parental responsibility.
 {¶ 22} The trial court's consideration of the multiple past domestic disturbances, the children's time with their parents, the modification's effect of providing a check and balance on the parties, and the other factors listed in R.C. 3109.04(F)(1) and (2), were reasonably and rationally calculated to determine the *Page 13 
children's best interests. The trial court, therefore, did not abuse its discretion in determining that a modification was in the children's best interests. Blakemore, 5 Ohio St.3d at 219.
 {¶ 23} Carla also argues that the trial court erred in its determination that the harm likely to result from the modification was outweighed by its benefits. Specifically, Carla asserts that the modification of the shared parenting plan would take the parties' children away from their half-siblings. Also, Carla argues that a modification would result in the children's loss of valuable life lessons and sense of responsibility gained from their household chores at Carla's residence and, in particular, the valuable experiences gained from living with a disabled half-sibling. Furthermore, Carla argues that the September 22, 2007 incident should not be considered in the modification's cost/benefit analysis because such incidents were not proven to be a common occurrence. Carla, therefore, argues that R.C. 3109.04(E)(1)(a)(iii) has not been satisfied and, consequently, a modification of the shared parenting plan is unwarranted.
 {¶ 24} Steve, however, argues that the benefits outweigh any inadvertent harm caused by the modification. Specifically, Steve asserts that his residence is only three blocks away from Carla's and will allow him to easily care for the children when Carla is working. Steve also argues that the plan modification does not take the parties' children away from their half-siblings or result in a loss of responsibility. Rather, Steve contends that the modification allows for an increase *Page 14 
in each party's time with the children when they are available — a benefit that outweighs any inadvertent disadvantages. Furthermore, Steve again argues that the September 22, 2007 incident was only one of a number of similar domestic disturbances, which further illustrates that the modification's benefits outweigh its likely harm. Under these circumstances, Steve argues that the harm likely to be caused by the modification is outweighed by the modification's advantages.
 {¶ 25} The trial court determined that any harm likely caused by the modification was outweighed by the modified plan being more conducive to the parties' work schedules, and its allowance for an increase in the parties' interaction with the children when the parties are available. (Feb. 14, 2008 Order). In addition, the trial court could have reasonably considered that the modification's benefits outweigh its likely harm in light of the numerous domestic disturbances between Carla and Shawn. Under these circumstances, we find that the trial court did not abuse its discretion in finding that the harm likely to be caused by the modification is outweighed by the advantages gained. Blakemore,5 Ohio St.3d at 219.
 {¶ 26} The trial court's determinations as to the change in circumstances, the children's best interests, and the likely harm of the modification as outweighed by its advantages were not unreasonable, arbitrary, or unconscionable; and therefore, were not an abuse of the trial court's discretion. Id. Moreover, the trial court's determinations were based on competent, credible evidence and were, *Page 15 
therefore, not against the manifest weight of the evidence.Duer, 2004-Ohio-4025 at ¶ 15, citing Hoitt, 105 Ohio App.3d at 107.
 {¶ 27} Carla's first and second assignments of error are, therefore, overruled.
 {¶ 28} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
SHAW, P.J., and ROGERS, J., concur.
[1] Appellant argues in her reply brief that, pursuant to Ohio Evidence Rule 201, judicial notice may not be given to the evidence admitted at the modification hearing indicating repeated incidents of domestic violence. Appellant asserts that she does not remember making some of the telephone calls that are the subject of the police reports and, therefore, judicial notice may not be given to such disputable evidence. This Court notes that, upon review of the record, we find that the trial court did not give judicial notice to evidence introduced at the hearing regarding repeated domestic disturbances. Therefore, contrary to Appellant's assertion, Ohio Evidence Rule 201 is inapplicable. *Page 1